# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

FLORENCE JOHNSON,

           Petitioner,

v.                                    CIVIL ACTION NO. 2:12-cv-01966
                                        (Criminal No. 2:05-cr-00118-02)

UNITED STATES OF AMERICA,

           Respondent.

## MEMORANDUM OPINION AND ORDER

Petitioner Florence Johnson, *pro se*, ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2255. [Docket 157.] On June 11, 2012, this Court referred Petitioner's motion to Magistrate Judge Mary E. Stanley for submission of proposed findings of fact and a recommendation ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(b). (Docket 159.)

On August 31, 2012, Magistrate Judge Stanley issued a PF&R recommending the dismissal of Petitioner's motion with prejudice as untimely filed and as an unauthorized second or successive petition. (Docket 161.) Magistrate Judge Stanley recognized that the statute of limitations to which Petitioner's motion is subject may be tolled under certain circumstances, but recommended that the Court find that no exceptional circumstances exist in this case. (*Id.* at 5.) Magistrate Stanley further recommended that the Court find that, because Petitioner previously filed a § 2255 motion on October 23, 2009 (Docket 135), the Court also find that the pending

motion is an unauthorized second or successive § 2255 motion. (Docket 161 at 5.) Magistrate Judge Stanley further recommended that the Court reject the substance of Petitioner's claim that she was improperly sentenced under the United States Sentencing Guidelines. (*Id*. at 6.)

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and Petitioner's right to appeal this Court's Order. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Stanley's PF&R were due on September 17, 2012, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). To date, no objections have been filed.

Accordingly, the Court hereby **ADOPTS** the PF&R, **DENIES** Petitioner's motion [Docket 157], and **DIRECTS** the Clerk to remove this action from the Court's active docket.

The Court has also considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–83 (4th Cir.2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Clerk is further directed to provide a copy of this Order to all counsel of record, the

petitioner, pro se, and Magistrate Judge Stanley.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:       NOVEMBER 9, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE